IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| KEVIN ARWIN HOUSTON, #639008 | § | |
| VS. | § | CIVIL ACTION NO. 9:04cv185 |
| RICHARD ALFORD, ET AL. | § | |

ORDER OF DISMISSAL

Plaintiff Kevin Arwin Houston, an inmate confined in the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was referred to United States Magistrate Judge Harry W. McKee, who issued a Report and Recommendation concluding that the lawsuit should be dismissed. The plaintiff has filed objections.

The Report and Recommendation of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by the plaintiff, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the objections by the plaintiff are without merit.

The Court notes that the plaintiff claims he was denied access to court when Property Officer Patricia Young confiscated his legal property, which caused him to miss a deadline for filing a petition for discretionary review. The Report and Recommendation concluded that the complaint should be dismissed because the plaintiff had not shown harm by showing that he would have raised an arguable and nonfrivolous argument on discretionary review. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Lewis v. Casey*, 518 U.S. 343, 351 n.3 (1996). *See also Belton v. Turner*, 79 Fed.

1

Appx. 66, 67 (5th Cir. 2003). In his objections, the plaintiff asserted that he wanted to argue that the state trial court erred in admitting evidence of an extraneous offense in light of *Montgomery v. State*, 810 S.W.2d 372, 386 (Tex. Crim. App. 1991). The intermediate court of appeals, however, fully discussed the issue and overruled the ground of error. *Houston v. State*, No. 05-93-00344-CR, 1994 WL 95245 (Tex. App. - Dallas March 21, 1994). He did not show that the decision was erroneous and that a petition for discretionary review had arguable merit. The Court would add that if the petitioner were to file a petition for a writ of habeas corpus in federal court on the issue, it would have to be dismissed as time-barred in light of the fact that his appeal was affirmed in 1994. The petition would be time-barred even though the Texas Court of Criminal Appeals permitted him to file an out-of-time petition for discretionary review in 2003 in *Ex parte Houston*, No. 74,540, 2003 WL 1710849 (Tex. Crim. App. Jan. 22, 2003). *See Salinas v. Dretke*, 354 F.3d 425 (5th Cir. 2004). The plaintiff has not shown harm in order to proceed with his denial of access to court claim. Therefore the Court adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the cause of action is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1). All motions by either party not previously ruled on are hereby **DENIED**.

So **ORDERED** and **SIGNED** this **8** day of **September, 2005.**

_____
Ron Clark, United States District Judge